-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED
05 AUG -1 AM 11:59

JOHN J. FONSECA,

   Plaintiff,

   -v-

**DECISION AND ORDER**
95-CV-0826A

COMMISSIONER OF SOCIAL SECURITY,

   Defendant.

---

Plaintiff has filed yet another motion (Docket No. 29) seeking to vacate the Court's Judgment entered in favor of defendant on January 6, 1997 (Docket No. 19). The Judgment was entered following entry of an Order on January 3, 1997 (Docket No. 18), granting defendant's motion for judgment on the pleading and dismissing plaintiff's complaint which sought modification or remand of the Commissioner of Social Security's determination regarding the onset date of plaintiff's disability. The Judgment was affirmed by the Second Circuit Court of Appeals by summary order on April 20, 1998. (Docket No. 21).

Plaintiff's first motion to vacate the Court's Judgment (Docket No. 24) was filed on April 5, 2004. On the same date, plaintiff also filed a motion to reopen this case (Docket No. 23). These motions were denied by the Court on April 21, 2004, on the grounds that they were untimely filed and without merit because plaintiff was simply trying to relitigate the merits of his complaint. (Docket No. 25). On February

11, 2005, plaintiff filed a "Response" to the Court's April 21, 2004 Order denying his motions to vacate the judgment and to reopen this case. This "Response" again sought an order vacating the Court's Judgment. The Court denied the "Response" based on the reasons set forth in its April 21, 2004 Order. (Docket No. 26).

The instant motion was filed on March 2, 2005, and demands that the Court address the reasons raised by his earlier motions to vacate the Judgment entered against him.[1] Plaintiff also seeks this Court's recusal and states that he "will never give up all his cases, until justice is served by this Court."

Plaintiff's instant motion to vacate the judgment (Docket No. 29) is denied for the reasons previously set forth in the April 21, 2004 Order. The Court in its previous Order denying plaintiff's first motion to vacate did address the merits of plaintiff's motion and found the motion to be without merit, as well as untimely. (Docket No. 25).

Plaintiff's request to recuse this Court is also denied because plaintiff has not provided a sufficient reason to do so. His disagreements with the Court's Orders are not a sufficient reason for recusal. See 28 U.S.C. § 455; see also Verone v. Taconic Telephone Corp., 826 F.Supp. 632, 635 (N.D.N.Y.1993)

---

[1] Plaintiff also seems to complain about yet another motion to vacate the Judgment which was dated December 31, 2004 but not filed by the Clerk's Office because there was no affirmation or certificate of service. Following receipt of correspondence from plaintiff regarding the Clerk's Office refusal to file this motion to vacate, the Court's Senior Pro Se Staff Attorney wrote to plaintiff on January 27, 2005, advising him that this motion was not filed because it lacked an affirmation or certificate of service, and if he wished to re-file the motion all he had to do was include an affirmation of service with it. As noted above, a motion to vacate the Judgment ("Response" to April 21, 2004 Order denying initial motion to vacate judgment) was filed on February 11, 2005, as was the instant motion on March 2, 2005.

2

(citations omitted) ("Unfavorable rulings do not in and of themselves indicate a personal bias or prejudice concerning a party such to justify disqualification nor do such rulings create an appearance of impropriety").

Additionally, the plaintiff is barred from filing any further motions or requests in this matter. "[D]istrict courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh,* 229 F.3d 121, 123 (2d Cir.2000) (per curiam) (citation omitted)." Plaintiff has now filed four motions (Docket Nos. 23, 24, 26 and 29), and attempted to file a fifth, seeking to vacate or reconsider the Judgment of this Court entered over eight years ago and affirmed over six years ago. He also has indicated in his most recent moving papers that he "will never give up all his cases, until justice is served by this Court." This is a clear signal from plaintiff that he will keep challenging the Judgment entered in this matter despite the fact that he has exhausted all avenues of appeal and review. The Court finds it necessary to exercise its discretion and bar plaintiff from filing any further motions, requests, papers or other like documents in this matter seeking to vacate, reconsider,

reargue or in way challenge the Judgment or all other Orders previously entered in this action.[2]

Plaintiff is also advised that if he attempts to circumvent this bar on filing any additional requests in this action by filing a new action which, in effect, challenges the same determination made by the Commissioner of the Social Security Administration that was the basis of the complaint initially filed in this action, he will be subject to additional sanctions which may include, among other things, an injunction barring any and all further litigation in this Court and an order directing plaintiff to pay a monetary amount to the Court for filing vexatious and harassing litigation.

**ACCORDINGLY, THE PLAINTIFF IS HEREBY BARRED FROM FILING ANY FURTHER MOTIONS, REQUESTS, PAPERS OR OTHER LIKE DOCUMENTS IN THIS MATTER.**

---

[2] The Court is cognizant of the requirement to provide a *pro se* plaintiff notice and opportunity to respond to an Order enjoining a *pro se* plaintiff from filing any future litigation without first obtaining permission from the Court. See *Lau*, 229 F.3d at 123 (citation omitted). This Court, however, is not enjoining plaintiff from filing any further litigation but simply prohibiting him from filing any further proceedings in this action relating to the Court's entry of judgment in favor of defendant and dismissing his complaint seeking review of a determination of the Social Security Administration. This Court has already determined the merits of this case, the Court of Appeals has affirmed said determination and this Court has denied on at least four occasions requests for reconsideration or to vacate the Court's previously entered Judgment.

**THE CLERK OF THE COURT IS DIRECTED NOT TO FILE ANY FURTHER MOTIONS, REQUESTS, PAPERS OR OTHER LIKE DOCUMENTS IN THIS MATTER, OTHER THAN A NOTICE OF APPEAL OR ANY OTHER PAPER INTENDED FOR THE SECOND CIRCUIT COURT OF APPEALS.**

IT IS SO ORDERED.

_____
Honorable Richard J. Arcara
Chief Judge
United States District Court

Dated: July 28, 2005